# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:17-CR-071(TSB) |
| v. | JUDGE TIMOTHY S. BLACK |
| | TRIAL BRIEF |
| WILLIAM PIERCE WASHINGTON, a/k/a "BAM," and | |
| WILLIAM PIERCE WASHINGTON Jr., a/k/a "MAN," | |
| Defendants. | |

Comes now the United States of America, by and through Assistant United States Attorney Kyle J. Healey, and respectfully submits this Trial Brief for the Court's consideration.

## FACTUAL SUMMARY

In December of 2016, Minor Victim A ran away from her foster home and connected with a 19 year old female relative (Female Relative) who was residing with "Bam" and "Man" at a residence in Evanston.[1] Along with Female Relative, Minor Victim A began smoking crack daily. These narcotics and others were often provided by Bam or Man. At the encouragement of Bam, Man, and Female Relative, Minor Victim A began prostituting with Female Relative. During various times, Bam and Man would arrange for prostitution dates and provide transportation to and from such dates. Often times, they would be given the proceeds from the prostitution. Some dates would be arranged at the residence, others at motels. Additionally, Minor Victim A would occasionally walk the streets near Evanston in search of prostitution dates.

---

[1] Minor Victim A refers to female relative as a sister, however, she is a cousin.

Amongst various "johns", Minor Victim A and Female Relative prostituted to two individuals (who for purposes of this filing will be referred to as "John 1" and "John 2") on several occasions at a motel in Sharonville, Ohio. John 1 and John 2 arranged through Bam to have Minor Victim A and Female Relative brought to the motel to prostitute. Man, and occasionally Bam, would drive Minor Victim A and Female Relative to the motel in Sharonville and also pick them up. On one occasion, John 1 and John 2 took photographs of Minor Victim A and Female Relative engaged in a sex act at the motel. They also took pictures of themselves with the women. John 2 also took Minor Victim A to a sign shop where he was employed to engage in further sex acts. Additionally, on numerous occasions, John 1 arranged through Bam to buy narcotics and have Female Relative prostitute to him at the motel.

On April 17 and 18, 2017, John 1 contacted Bam and sought to again arrange for narcotics and Female Relative to be delivered to the motel to prostitute. Female Relative was unavailable so Bam made arrangements for Minor Victim A to be brought to the motel. As depicted on John 1's cellphone, John 1 and Bam engaged in an text message exchange to facilitate the arrangements. On the 18th, Bam transported Minor Victim A and crack to John 1 at the motel.

Eventually, the police were called to the motel after Minor Victim A and John 1 got in a dispute. Minor Victim A was located by the police. She was high on crack and having an emotional break down. She initially lied about her identity but eventually began explaining why she was at the motel. A short time later, John 1 was taken into custody. While the Sharonville Police and FBI were investigating the situation, Man arrived to pick up Minor Victim A. Two other women and an additional minor accompanied Man to the motel. John 1 believed these women were being brought to the motel to prostitute to him as a replacement for Minor Victim

A. A subsequent search of John 1's room at the motel revealed the crack pipe they had been using to ingest the narcotics.

Man was arrested that evening on state charges. On June 13, Bam and Man were charged in a federal complaint. Man was arrested the next day at his residence. Bam was finally taken into federal custody on June 27. John 1 was arrested that evening and charged by a federal complaint on April 25 with Production of Child Pornography in violation of 18 U.S.C. § 2251. John 2 was also charged by federal complaint with Production of Child Pornography and arrested on April 28. Both John 1 and John 2 have entered guilty pleas to Sex Trafficking of Children in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).

Bam and Man were indicted for one count of Conspiracy to Sex Traffic Children in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c) and one count of Sex Trafficking of Children in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).

### A. 18 U.S.C. § 1591 Sex Trafficking of Children

**Will Be Caused & Commercial Sex Act**

Section 1591(a) criminalizes knowingly undertaking activities, such as recruiting, enticing, harboring, transporting, providing, or maintaining a minor, knowing or recklessly disregarding that the minor "*will be caused* to engage in a commercial sex act." (emphasis added). ). The use of passive voice allows conviction where the defendant, "instead of personally causing the victim to engage in a sex act ... allowed a client or a codefendant to do so." *United States v. Wearing*, 865 F.3d 553, 556-57 (7th Cir. 2017); *See United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014) (concluding that section 1591 offense was complete when defendant left victim at client's home knowing she would be caused to perform a sex act). As the Sixth Circuit explained under § 1591(a), "[w]hen an act of Congress requires knowledge of a future action, it does not require knowledge in the sense of certainty as to a

future act." *United States v. Tutstone*, 525 F. App'x 298, 304 (6th Cir. 2013) (cites omitted). Rather, the defendant must know "of an established modus operandi that will in the future cause a person to engage in prostitution." *Id*. *See United States v. Jungers*, 702 F.3d 1066, 1074 n.6 (8th Cir.) (2013) (Section 1591 "reflects agnosticism ... about who causes the child to engage in the commercial sex act").

While it is anticipated the Johns will testify they purchased both sex with prostitutes and narcotics from the defendants, nevertheless, the defendants may assert Minor Victim A merely to accompanied them on their narcotics sales to the Johns where she and the Johns then made their own separate agreement regarding sex. However, even if believed, under the statute this does not absolve them of criminal responsibility. Rather, the question for the jury is whether they transported Minor Victim A knowing or recklessly disregarding the subsequent commercial sex act between Minor Victim A and the Johns would occur.

Further, Section 1591(e)(3) defines the term "commercial sex act" to "mean[] any sex act, on account of which anything of value is given to or received by any person." Hence, the statute does not actually require money to be exchanged for sex. Rather, only something of "value" needs to be exchanged. e.g. crack. Additionally, the thing of value may be given to "any person" not just the defendants. e.g. Minor Victim A or their co-conspirators. Thus, Minor Victim A having sex with the Johns to use some of the crack they just purchased is still a "commercial sex act" under the statute.

**Reckless Disregard**

To sustain a conviction under 18 U.S.C. § 1591 the government need only prove that the defendants knew, or acted in reckless disregard of the fact, that Minor Victim A was less than eighteen years old and would be caused to engage in commercial sex acts. 18 U.S.C. § 1591(a); *United States v. Mack*, 808 F.3d 1074, 1081 (6th Cir. 2015). In *United States v. Jackson*, the

Sixth Circuit explained the meaning of reckless disregard in section 1591 in regards to age as "whether there are facts that 'would cause a reasonable person to question whether the victim was actually eighteen years old.'" 622 F. App'x 526, 528–29 (6th Cir. 2015) (internal citations omitted). As explained in *Jackson*, "juries are entitled to consider many different types of facts when determining whether a defendant recklessly disregarded a victim's minority status, including the victim's 'appearance or behavior, 'information from the victim, or others,' and '[c]ircumstances of which a defendant was aware, such as the victim's grade level in school, or activities in which the victim engaged[.]'" *Id.* (internal cites omitted). In conformity with *Jackson*, the Court should instruct the jury on the meaning of "reckless disregard" in section 1591.

### B. Coconspirator Statements

Several individuals took part in the conspiracy to sex traffic Minor Victim A. Those include the defendants, John 1, John 2, and Female Relative, amongst others. Federal Rule of Evidence 801(d)(2)(E) permits the introduction of statements which were "made by the party's coconspirator during and in furtherance of the conspiracy." To admit such statements by Female Relative, John 1, John 2, and other individuals involved in the conspiracy, the United States need only establish by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator's statement was made during the course and in furtherance of the conspiracy. *See, e.g.*, *United States v. Kelsor*, 665 F.3d 684, 692 (6th Cir. 2011); *United States v. Wilson*, 168 F.3d 916 (6th Cir. 1999), *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978). The district court may consider the hearsay statements themselves in deciding whether a conspiracy existed. *Wilson*, 168 F.3d at 921. That Female Relative and the other individuals may not testify at trial does not implicate the confrontation clause as such statements are non-testimonial. *United States v. Mooneyham*, 473 F.3d 280, 286

(6th Cir. 2007). As such, the statements of Female Relative and other coconspirators which further the conspiracy should be admitted as non-hearsay. Fed. R. Evid. 801(d)(2)(E).

    C.    **Minor Victim A's Testimony**

**<u>Her Childhood</u>**

During the offense, Minor Victim A was 16 years old. She is now 17. However, she is anything but an ordinary 17 year old. Her mother was a drug addict and her father has only been limitedly (and detrimentally) involved in her life. At 6 months, her grandmother gained custody of her as her mother died of an drug overdose. She was primarily raised by her grandmother who lacked the financial ability to maintain a stable residence for them. Together, they stayed at a uncles home. Eventually, Minor Victim A was forced out of the home and she briefly stayed with her father and then a family friend. Ultimately, she was placed in the custody of Clermont County Children Services in August of 2016 and she was then placed in a foster home. During her second stint in the foster home, she ran away to be with Female Relative and ultimately the defendants. Minor Victim A is currently a ward of the State of Ohio and has spent nearly all of her time since being found at the motel in a residential treatment facility.

Minor Victim A's lamentable developmental years are an important aspect of her life and her personality. Introduction of this evidence is important for the jury to consider to help explain why Minor Victim A did the things she did. Why she succumbed to the defendant's treatment. Why she remained with the defendants despite their abuse. Jurors who hear the mistreatment Minor Victim A was subject to by the defendants may question why she did not leave them sooner or report them to the police. The probative value of this evidence outweighs any unfair prejudice to the defendants. First, the evidence is not attempting to blame the Defendants for Minor Victim A's developmental years but rather to establish how those years have made her more susceptible to their crimes. *United States v. Bell*, 761 F.3d 900, 913–14 (8th Cir. 2014)

(affirming admission of evidence of physical abuse of one sex trafficking victim by an ex-boyfriend and of another by her father). *United States v. Campbell*, 764 F.3d 880 (8th Cir. 2014) (affirming admission of evidence of past abuse of sex trafficking victim).

Moreover, it will better help the jury understand Minor Victim's manner and demeanor while testifying. The jury instructions will advise the jury to "consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people." 6th Circuit Pattern Jury Instruction 1.07 – Credibility of Witnesses. The jurors will likely have little "everyday experience in dealing with" people like Minor Victim A. Admission of her upbringing will only further shed light on her actions. Indeed, it partly explains why she remained with the defendants for so long – she had nowhere else to go. *See United States v. Alzanki*, 54 F.3d 994, 1005 n. 10 (1st Cir. 1995) (Upholding introduction of vulnerable-victim testimony in a sex-trafficking case when the testimony helped explain why a victim continued to succumb to the defendant's persuasion).

**Prior Sexual History**

With narrow exceptions, Federal Rule of Evidence 412 prohibits evidence offered to prove either "that a victim engaged in other sexual behavior" or "a victim's sexual predisposition." The rule "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." Fed. R. Evid. 412 advisory committee's notes (1994 Amendments). As such, the defendants should not be permitted to question Minor Victim A about her sexual conduct which occurred outside the charged offense. *United States v. Jackson*, 627 F. App'x 460 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 2023 (2016) (Upholding exclusion of victim's prior prostitution histories under Rule 412).

Any such questioning is barred by Fed. R. Evid. 412 and would only serve to improperly embarrass Minor Victim A.

## CONCLUSION

The Government asks that the Court instruct the jury as set forth above regarding the definition of "reckless disregard." Further, the government asks the Court consider these arguments should the respective evidentiary issues arise during trial.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    *s/Kyle J. Healey*_____
    Kyle J. Healey
    Assistant United States Attorneys
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-6385
    Kyle.Healey@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Trial Brief was served electronically this 16th day of January 2018, upon counsel for defendant.

    *s/Kyle J. Healey*_____
    Kyle J. Healey
    Assistant United States Attorney