# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:17-cr-071 |
| | : | 1:18-cr-19 |
| vs. | : | 1:18-cr-20 |
| | : | |
| WILLIAM PIERCE WASHINGTON, III, | : | Judge Timothy S. Black |
| WILLIAM PIERCE WASHINGTON, JR. | : | |
| STEVEN E. RITTER, | : | |
| EDUARD SARKISOV | : | |
| | : | |
| Defendants. | : | |

## ORDER TO CREATE TRUST AND APPROVING TRUST FORM

The Court previously ordered the payment of restitution to Minor Victim A ("KB") in the three above-referenced criminal cases. Specifically, KB was the victim of sex trafficking by the above-referenced Defendants. Defendants' cases have all been adjudicated and as part of each of their cases, Defendants were ordered, jointly and severally, to pay restitution in the amount of $229,125.20 to be distributed as follows, in order of priority: (a) $194,528.00 to an irrevocable trust for the benefit of KB; and (b) $34,597.20 to Clermont County Job and Family Services (for Past Medical Services).

Payment of the restitution has commenced, and the Court finds that it would in the best interest of KB for those funds to be held in an irrevocable discretionary trust for KB's benefit. Accordingly, the Court hereby **ORDERS** creation of such an irrevocable discretionary trust and, further, **APPROVES** the Trust Form attached to this Order.

**IT IS SO ORDERED.**

Date: 12/2/2022

Timothy S. Black
United States District Judge

**KB IRREVOCABLE TRUST**
**Under Agreement Dated _____**

This irrevocable trust agreement is created, entered into and effective as of the \_\_\_\_ day of _____, 2022, pursuant to court order and by and between KRISTIN K. BOOTH as Grantor (*hereinafter referred to as* "Grantor") and KRISTIN K. BOOTH as the Trustee (*hereinafter referred to as* "Trustee").

This trust agreement shall be known as the KB Irrevocable Trust ("Trust") and is established to administer funds received by the court for the benefit of Minor Victim A as entered in the United States District Court for the Southern District of Ohio Western Division under Case Numbers 1:17-CR-071(TSB), 1:18-CR-019 (TSB) and 1:18-CR-020(TSB). This Trust is established for the benefit of Minor Victim A, also known as KB, in the above-listed cases (*hereinafter referred to as* "Beneficiary"). Beneficiary's name and identifying information will be filed under seal in the above-listed cases.

In accordance with the provisions of this Trust agreement, the Trustee shall receive, hold, administer, invest and distribute all funds paid to the Trustee by the Clerk of the Court for the United States District Court Southern District of Ohio Western Division, as well as any other such funds that are transferred to and received by the Trustee, including all income earned on said funds ("Trust Estate") as provided by the terms of this Trust agreement.

**ARTICLE 1**
**FUNDING THE TRUST**

**1.1.** **Initial Funding of the Trust.** Upon receipt of a Court Order, the Clerk of Court for the United States District Court Southern District of Ohio Western Division shall fund this Trust with the assets on deposit in the Court's repository that are being held on behalf of Minor Victim A as entered in the United States District Court for the Southern District of Ohio Western Division under Case Numbers 1:17-CR-071(TSB), 1:18-CR-019 (TSB) and 1:18-CR-020(TSB).

**1.2.** **Additions to the Trust.** The Trustee shall have the right, at any time, to add property acceptable to the Trustee to the Trust including income earned on the Trust estate. Such property when received and accepted by the Trustee, shall become part of the Trust estate. All property so transferred, in addition to the property initially funding the Trust, shall constitute the Trust estate. In no event

shall such additions be considered income for the purposes of determining Beneficiary's eligibility for any governmental, charitable or community benefits.

## ARTICLE 2
## PURPOSE OF THE TRUST

**2.1** **Administering assets for Beneficiary.** Pursuant to the court's order in the above-listed cases, the Trustee shall hold funds in this Trust on behalf of Beneficiary and shall administer this Trust as an irrevocable discretionary Trust for the benefit of Beneficiary. Further, in administering this Trust, the Trustee shall have complete and total discretion as to the distributions made to or on behalf of Beneficiary, but shall take into consideration the provisions as enumerated in 18 U.S. Code Section 2259 which include:

- **a.** Medical services relating to physical, psychiatric, or psychological care;
- **b.** Physical and occupational therapy or rehabilitation;
- **c.** Necessary transportation, temporary housing, and child care expenses;
- **d.** Lost income;
- **e.** Reasonable attorneys' fees, as well as other costs incurred; and
- **f.** Any other relevant losses incurred by the victim.

Trustee shall have complete discretion if Trustee does make any distribution pursuant to 18 U.S. Code Section 2259, but Trustee shall only distribute if there is no other pay source.

**2.2** **Eligibility for governmental, charitable or community benefits.** In administering this Trust as an irrevocable discretionary Trust for the benefit of Beneficiary, Grantor and the Court intend that this Trust supplement, rather than supplant, replace, impair, or diminish Beneficiary's governmental, charitable or community benefits.

- **a.** **Definition of governmental, charitable or community benefits.** The term "governmental, charitable or community benefits" shall refer to all programs enacted by federal, state, or local statutes, regulations, and/or administrative decisions in effect during the existence of this Trust as well as any community benefit programs whether public or private, including, but not limited to: Medicaid; Supplemental Security Income payments; Food Stamps/SNAP benefits; Subsidized Housing; State Supplement payments; Disability Assistance; Veteran's Benefits; or, any other public, private, or charitable assistance which is or may be available to Beneficiary.

## ARTICLE 3
## DISTRIBUTION OF INCOME AND PRINCIPAL
## DURING BENEFICIARY'S LIFE

**3.1** **Distributions.** The Trustee is authorized to expend such amounts of income and principal as the Trustee deems appropriate in Trustee's sole, unfettered, and uncontrolled discretion for the benefit of Beneficiary. Any income not distributed in accordance with this paragraph shall be accumulated and added to the principal. It is Grantor's intent that the power to compel distributions shall lie solely with the United States District Court for the Southern District of Ohio and further that this Trust not contain an ascertainable standard for distribution purposes.

**3.2** **Spendthrift Provision.** The interest of the Beneficiary in the Trust created hereunder shall not be subject to the claims of creditors and shall not be subject to attachment, execution or other legal process or lien brought by or in favor of a creditor or creditors of the Beneficiary, and no alienation or assignment of any interest in the subject matter of this Trust, whether principal or income, shall be binding upon the Trustee. The Beneficiary nor any person acting on Beneficiary's behalf or any other person except the Trustee alone, shall have any right, power or authority to liquidate the fund, in whole or in part, or to require payments from the fund for any purpose.

    **a.** No income or principal distributable or to become distributable with respect to this Trust shall be transferable, assignable or subject to being in any manner whatsoever anticipated, charged or encumbered by any person beneficially interested in such Trust, or subject to interference or control by any creditors of said person, or subject to any claim for maintenance, alimony or for the support of a spouse pursuant to a decree of separate maintenance or separation agreement, or to being take or reached by any legal or equitable process in satisfaction of any debt, liability or obligation of the Beneficiary prior to its receipt by the Beneficiary.

## ARTICLE 4
## TERMINATION OF TRUST

**4.1** **Termination upon death.** This Trust shall terminate upon Beneficiary's death. The Trustee may, in the Trustee's sole, absolute and uncontrolled discretion, pay the last illness and funeral expenses of the Beneficiary, attorneys' fees, advisor fees, accountant or other professional advisor fees as well as any costs incurred in administering the Beneficiary's estate and this Trust and any other such expenses related to the Beneficiary as the Trustee deems appropriate. The balance remaining in the Trust after payment of any such expenses shall be

distributed to the children of the Beneficiary, per stirpes.  If the Beneficiary has no living children and no living descendants, any balance remaining in this Trust shall be distributed to the Estate of KB.

**4.2** **Termination due to Trust being economically unfeasible and/or depletion of Trust assets.**  Should the Trustee determine in the Trustee's sole discretion that this Trust is so small as to be deemed economically unfeasible for management under this Trust agreement or if all assets of this Trust have been depleted, the Trustee may terminate such Trust and distribute all accrued and undistributed income and principal, free of Trust, to the Beneficiary or on behalf of the Beneficiary.  Any such distribution made by the Trustee shall be final, binding and conclusive upon all persons whomsoever and shall be a full discharge and acquittance to the Trustee in its performance of the administration of this Trust agreement.

## ARTICLE 5
## DUTIES AND POWERS OF TRUSTEE

**5.1** **Trustee Powers.**  In addition to the authority the Trustee may have under the laws of any state, the Trustee shall have the following powers which the Trustee may exercise without court order:

  **a.** To collect all income and to deduct, before distribution to any Beneficiary, such fees and expenses as may accrue or be payable.

  **b.** To collect, pay, settle and compromise debts and claims in favor of or against the Trust estate.

  **c.** To borrow money and to renew existing loans, with or without giving security therefor.

  **d.** To buy and sell real property and personal property, publicly and privately for cash or for deferred payments, secured or unsecured; to give or take options to buy or sell real or personal property for any length of time; to lease real and personal property for any term irrespective of the duration of any Trust, with or without an option to purchase; to mortgage real property and pledge personal property; and to execute and deliver instruments to effectuate such powers without liability on the part of any purchaser, lessee, mortgagee or pledgee to see to the application of the purchase money, rents or funds; all without the necessity of notice, advertisement, appraisement, evaluation, court order or other legal formality, for such price as the Trustee, in the Trustee's sole discretion, deems proper.

**e.** To administer real estate in any manner including but not limited to the power to manage, repair, alter, sell, transfer, convey, subdivide, develop, protect, exchange or dedicate land to public use; make or obtain the vacation of a plat or adjust a boundary; adjust a difference in valuation on exchange or partition by giving or receiving consideration; grant or retain easements; dedicate an easement to public use with or without consideration; grant and convey with or without covenants of warranty, to lease for a term of years or perpetually with or without privilege of purchase, or otherwise deal in real property, or any interest in that real property, as the Trustee deems appropriate and without regard to the duration of those interests and to do and perform any and all proper acts as the owner of real estate and to execute all instruments to effectuate these powers.

**f.** To invest or reinvest any funds of the Trust in any property (including but not limited to any real estate, stock, mutual fund or common Trust fund) and to hold cash uninvested for such periods as may be deemed advisable for the benefit of the Beneficiary.

**g.** To exercise and not exercise, as the Trustee deems reasonable, rights of ownership incident to securities that the Trustee may hold, including rights to vote, give proxies and execute consents, effectuate a redemption and to make as many redemptions as the Trustee considers appropriate and to accept cash or property or notes in return therefor.

**h.** To hold property in the name of a nominee.

**i.** To consult with and/or employ legal counsel as an expense of the Trust, and the Trustee shall not be liable in respect to any action taken in good faith and in accordance with the opinion of legal counsel.

**j.** To employ, as an expense of the Trust, accountants, investment advisors, brokers, agents, custodians or other professional advisors as may be deemed necessary in administering the Trust and its assets.

**k.** To continue in full force any policies of life insurance which may at any time form a part of the Trust estate, on the life of any person whomsoever, or to purchase insurance on the life of any Beneficiary or other person in whom any such Beneficiary may have an insurable interest, naming as the Beneficiary of any such policy either the Trust or the Trust Beneficiary on whom or with respect to whom such policy was purchased; to exercise any and all rights granted under any such policy, including the right to borrow from the value accrued, to elect to convert to paid up insurance, or to surrender any such policy for the then full value; and the Trustee may pay premiums, assessments and other proper charges on any such policy, either from the income, or to the extent necessary, from the principal of the

      Trust estate; and the Trustee may exercise all rights granted under any such policy, all as the Trustee may determine in the Trustee's sole discretion.

**l.** To hold, retain and continue to operate any business interest received by the Trustee, whether organized as a sole proprietorship, partnership, LLC or corporation, for such time and in such manner as the Trustee may deem advisable, solely at the risk of the Trust estate, without liability on the part of the Trustee for any losses resulting therefrom; to dissolve, liquidate or sell such business interest at such time and upon such terms as the Trustee may deem advisable; to use the general assets of the Trust estate for the purposes of the business; to use the income from such business for business purposes, including, but not limited to, the establishing of additional reserve and depreciation accounts, the establishing of funds for future expansion and growth, and such other business purposes as the Trustee, in the Trustee's sole judgment, may deem advisable; to borrow money for business purposes and pledge or encumber the assets of the business or other assets of the Trust estate to secure a loan; to employ such officers, managers, employees or agents as the Trustee may deem advisable in the management of such business, including electing any of the Trustees to take part in the management of such business as a Director, Officer, Partner or Employee, and as such, the said Trustee may receive compensation for services in addition to the fee which the Trustee may be entitled to for the Trustee's services in the administration of the Trust estate; and to have such additional powers as may be necessary to enable the Trustee to continue or to dispose of such interest. Grantor and the Court knowingly and specifically authorizes and empowers the Trustee hereunder to exercise all of the duties and powers under this instrument despite any duality of fiduciary obligation arising by reason of service as a Trustee appointed hereunder and as an Officer, Director, Partner or Employee of any sole proprietorship, corporation or partnership in which the Trust estate may have an interest.

**m.** In the exercise of the powers and duties hereunder, Trustee shall use the same judgment and care that a prudent individual would use if he or she were the owner of such Trust assets.

**n.** No person leasing or purchasing property from or lending money to or otherwise dealing with any Trustee, and no transfer agent requested to transfer corporate securities to or from any Trustee need inquire as to the purposes of the lease, sale, loan, transfer or assignment or to see to the application of the proceeds, and the receipt of the Trustee shall be a complete acquittance and discharge of such person for the amount paid.

**o.** The Trustee is authorized to distribute Trust assets in cash or in kind, or partly in each and in such manner as the Trustee shall determine. If it is necessary for the Trustee to value Trust assets for the purposes of division

and distribution to remainder beneficiaries, each such asset shall be valued at what the Trustee determines to be its fair market value on the date of such original division and distribution. The Trustee shall not be held accountable for any loss or depreciation of the assets after the original date of distribution or division.

**p.** If the Trustee has a reasonable doubt about the manner of allocating any credit or charge to principal or income under applicable law, the Trustee shall have the power, exercisable as a fiduciary in good faith: to determine whether assets received shall be treated as principal or income, provided that the distribution of capital gains by regulated investment companies, capital gains on the sale of assets and stock dividends in stock of the declaring corporation shall be allocated to principal; to charge or apportion expenses or losses to principal or income; to establish and maintain reasonable reserves for depreciation, depletion, amortization and obsolescence, and if any portion of the Trust estate consists of a wasting asset, to establish and maintain reasonable reserves for such asset; and to amortize or not to amortize both premiums and discounts on investments.

**q.** The Trustee assumes no responsibility as to the validity or enforceability of any policy of insurance made payable to the Trustee hereunder, nor with respect to the payment of any premiums or other amounts that may be due or may become due on any such policy, nor does the Trustee assume responsibility for doing anything else that may be required in order to keep such policy in force. As to any insurance policy of which the Trustee is the owner, the Trustee shall have the right to exercise all rights, elections, options, privileges and other powers, including powers to surrender any such policy for the cash surrender value thereof, and to convert any such policy in connection with a loan or loans to the Trustee. Any insurance company which has issued a policy of insurance payable to the Trustee hereunder need not inquire into or take notice of this agreement, nor see to the application of the proceeds of any such policy or any other amounts paid to the Trustee, and the receipt of the Trustee shall be a complete release and discharge of the insurance company for the amount so paid. If a dispute arises with respect to the collection by the Trustee of the proceeds of any such policy, the Trustee shall have the authority to compromise such dispute in any manner the Trustee deems to be in the best interests of the Trust, and the Trustee may enter into any agreement with respect to such compromise which the Trustee deems appropriate and may release any insurance company from liability under any such policy. The Trustee need not engage in litigation to collect the proceeds due under any such policy

**r.** If the Trustee is unable to act as Trustee with respect to any real property located outside of the State of Ohio, then such person or persons or corporation as may, from time to time, be appointed by the United States District Court for the Southern District of Ohio to serve as Trustee for such

    real property. If approved by the United States District Court for the Southern District of Ohio to serve as Trustee with respect to any real property located outside of the State of Ohio, such appointed Trustee shall have all of the powers and discretion with respect to such property as are herein given to the original Trustee and shall be paid the reasonable value of services rendered. The United States District Court for the Southern District of Ohio shall also have sole authority to remove such person, persons, or corporation appointed as Trustee with respect to said out-of-state real estate. Should any such real property located outside of the State of Ohio property be sold, exchanged or otherwise disposed of, the proceeds thereof shall be remitted to the original Trustee appointed hereunder. Such appointed Trustee may employ the original Trustee as agent in the administration of such property. No surety shall be required on the bond of any appointed Trustee or agent acting under the provisions of this paragraph. No periodic court accounting shall be required of such appointed Trustee for real property located outside of the State of Ohio, it being Grantor's and the Court's intention to exclude any statutory accounting which ordinarily may be required.

**s.** Any insurance companies which may pay the proceeds of any policy or policies of insurance to the Trustee hereunder are hereby fully released and relieved from any and all responsibility to see to the application of any funds so paid to the Trustee. The receipt of the Trustee for any sums so paid by any insurance company shall fully release such insurance company from all further responsibility or accountability to any person or persons for the sum of said receipt so stated to have been received.

### ARTICLE 6
### TRUSTEES

**6.1** **Initial Trustee**. The initial Trustee of this Trust is Kristin K. Booth. All Trust provisions regarding "Trustee" shall include the initial Trustee and all successor Trustees.

**6.2** **Resignation and Removal of Trustee**. Any Trustee shall have the right to resign from such capacity on sixty (60) days written notice delivered to the United States District Court for the Southern District of Ohio Western Division and the Trust Beneficiary. A Trustee may be removed as Trustee of this Trust by order of the United States District Court for the Southern District of Ohio Western Division and written notice thereof delivered to said Trustee.

**6.3** **Appointment of Successor Trustee.** Upon the death, incapacity, resignation or removal of any Trustee under this Trust agreement, the United States District Court

for the Southern District of Ohio Western Division shall appoint a successor Trustee to serve under this Trust agreement.  The then-serving Trustee may recommend to the court a successor Trustee, but no successor Trustee shall be appointed without a court order from the United States District Court for the Southern District of Ohio Western Division.  The court may appoint a qualified individual or bank or Trust company as the Trustee hereunder by written order and shall provide the name and contact information for the chosen successor Trustee to the Beneficiary.  In no event may Beneficiary serve as a successor Trustee hereunder.  Each successor Trustee shall have the same powers, duties, authorizations and immunities as herein provided for the initial Trustee.  A Trustee may be considered unable or unwilling to serve for any reason, including but not limited to refusal, resignation, removal, incapacity, death or if the person's whereabouts are unknown.

**6.4** **Termination of Trustee Duties.**  Upon the payment and delivery to any successor Trustee of all the property and assets of the Trust estate, and after full settlement of accounts, the responsibilities and liabilities of the resigning or removed Trustee shall terminate and the Trustee shall be released and discharged from any and all claims, demands, duties and obligations arising out of this Trust agreement or its management of the Trust estate hereunder.  No successor Trustee shall be required or obligated to investigate the acts of any predecessor Trustee, nor be responsible for any of the acts or omissions of any predecessor Trustee.

**6.5** **Compensation of Trustee.**  Upon semi-annual application to the Finance Office for the United States District Court for the Southern District of Ohio, any individual, corporate or professional Trustee shall receive such compensation for services as is provided for by law but in no event shall a Trustee charge more than two hundred dollars ($200) per hour for any Trustee services.

**6.6** **Trust Expenses.**  The Trustee shall be reimbursed from assets of the Trust estate for such costs, charges, taxes, damages and expenses as the Trustee may have incurred in connection with acting as Trustee; however, the Trustee must seek approval from the United States District Court for the Southern District of Ohio prior to committing to any expenses if it is reasonably foreseeable that such expenses may exceed the lesser of $5,000 or 15% of the Trust assets.

## ARTICLE 7
## GENERAL PROVISIONS CONCERNING TRUST

**7.1** **Modification of Trust.**  The Trustee may modify this Trust agreement in such manner that is necessary to effectuate the intent of this agreement by seeking a court

order for approval of the modification from the United States District Court for the Southern District of Ohio Western Division.  The intent of this agreement is to benefit the Beneficiary without causing the Beneficiary to lose or otherwise be ineligible for any governmental or community benefits that may be available to said Beneficiary.  No modification and/or amendment hereunder shall be considered a termination of this Trust.

**7.2** **Trust Statements.**  The Trustee shall keep a true account of the affairs of the Trust. At least annually and on termination of the Trust or termination of a Trustee, the Trustee shall render a statement of account. A statement of account is a report by the Trustee of the Trust property, liabilities, receipts, and disbursements, including the source and amount of Trustee's compensation, a listing of the Trust assets, and, if feasible, their respective market values. No particular format or formality is required for a report unless a court specifies its content and presentation. The statement shall be delivered to the Beneficiary as soon as practicable after the close of the accounting period or on termination of the Trust.  Within 30 days after the end of each calendar year, an annual report must be filed in the three criminal cases identified on page 1 of this Trust agreement.

**7.3** **Incapacity.**  For all purposes of this Trust agreement, an individual shall be considered incapacitated or incompetent if under age eighteen (18), or if so declared by a court having jurisdiction or if such person's personal physician or any two physicians selected by the Trustee shall advise the Trustee of such incapacity or incompetency in writing.  In the event that the potentially incapacitated person is also serving as the Trustee, then the immediate successor Trustee shall select the two physicians indicated in the preceding sentence.  Any such incapacity or incompetency established in the first instance by declaration of court may be removed only by such court, or if established in the first instance by such person's personal physician or any two physicians selected as above provided, may be removed by either the personal physician then serving such person or by any two physicians selected by the Trustee (who need not be the same two physicians who may have advised the Trustee of such person's incapacity or incompetency).

**7.4** **Child and Descendants.** The words "child" or "children," when used in this Trust agreement shall mean lineal descendants of the first degree only.  The word "descendants" shall mean lineal descendants of any degree.  The words "child" and "children" shall include persons adopted, as well as those of the blood, of the parents or ancestors mentioned, except those adopted after reaching age 21.

**7.5** **Spendthrift provision.**  A Beneficiary may not assign any portion of the beneficial interest in income or principal. No creditor of any Beneficiary may attach, interfere, take, or reach by any legal or equitable process any part of a Beneficiary's interest in satisfaction of any debt or liability of the Beneficiary before actual receipt by the Beneficiary after payment from Trustee. Notwithstanding any other provision in this

Trust agreement, the Trustee may withhold distributions to any Beneficiary whose interest would or likely could become payable to anyone other than the Beneficiary.

**7.6** **Retained share.** Notwithstanding any other provision in this Trust agreement, the Trustee may, but only upon the approval of the United States District Court for the Southern District of Ohio, hold in further Trust all or any portion of a share of Trust assets otherwise distributable to the Beneficiary if Trustee determines that there is a substantial possibility that the Beneficiary will be unable or unwilling to use the distributed Trust assets in the Beneficiary's best interests due to personal circumstance. Circumstances warranting retention include but are not limited to mental or physical incapacity, difficulty in exercising judgment about or attending to financial and property affairs, alcoholism, drug abuse, gambling, incarceration, pending or threatened bankruptcy, marital disharmony or pending divorce, pending or threatened litigation, or residence in a jurisdiction or affiliation with a group or sect where all or a majority of the distribution may be confiscated or appropriated by the government or others. Trustee may, but only upon approval of the United States District Court for the Southern District of Ohio, hold the Beneficiary's share of Trust assets as a completely discretionary spendthrift Trust in which the Trustee is authorized to distribute such amounts of income and principal in Trustee's sole, unfettered and uncontrolled discretion. Trustee shall be fully exonerated in its decision under this section to hold, continue to hold, or decline to hold Trust assets in a wholly discretionary spendthrift Trust unless such decision is made in bad faith.

**7.7** **Construction.** If any provision of this Trust agreement is deemed unenforceable, the remaining provisions shall nevertheless be carried into effect. The masculine gender shall include the feminine and the neuter and the feminine gender the masculine and the neuter, and the neuter gender the masculine and the feminine, unless the context otherwise requires. The singular form of a word shall include the plural and the plural form of a word shall include the singular unless the context otherwise requires.

**7.8** **Governing law.** The United States District Court for the Southern District of Ohio Western Division shall retain jurisdiction of this Trust agreement at all times and the Trust agreement shall be governed by the substantive law of the State of Ohio, which shall be its principal place of administration. The Trustee may at any time request approval from the United States District Court for the Southern District of Ohio Western Division to change the situs of administration of the Trust from one jurisdiction to another U.S. jurisdiction if such change is in the best interest of the Beneficiary.

**7.9** **Right of beneficiary to appeal.** The Beneficiary shall have the unfettered right to appeal any decision by or action of the Trustee to the United States District Court for the Southern District of Ohio for a final determination. Any such appeal must be submitted in writing to the presiding District Judge assigned to the three criminal cases identified on page 1 of this Trust Agreement. In the event of an appeal by the Beneficiary, the Trustee shall defer the appealed decision or action until

otherwise ordered by the presiding District Judge before whom the Beneficiary's appeal is pending.

Date:_____ _____

**Kristin K. Booth, Grantor**

**WITNESSES:**

_____ _____
Printed Name:_____ Printed Name:_____

STATE OF OHIO, COUNTY OF HAMILTON )ss:

BE IT REMEMBERED, that on _____, before me, the subscriber, a Notary Public in and for said county and state, personally came Kristin K. Booth, and acknowledged the signing and execution of the foregoing Trust Agreement to be a free and voluntary act and deed and such individual appeared to be of sound mind and under no duress, fraud or undue influence. IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_____
Notary Public

Date:_____ _____

**Kristin K. Booth, Trustee**

**WITNESSES:**

_____ _____
Printed Name:_____ Printed Name:_____

STATE OF OHIO, COUNTY OF HAMILTON )ss:

BE IT REMEMBERED, that on _____, before me, the subscriber, a Notary Public in and for said county and state, personally came Kristin K. Booth as Trustee of the KB Irrevocable Trust and acknowledged the signing and execution of the foregoing Trust Agreement to be a free and voluntary act and deed and such individual appeared to be of sound mind and under no duress, fraud or undue influence. IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_____
Notary Public